Aug. 10, }
. 1876. }                    MALOON v. WHITE & A.

*Equity—Nuisance—Injunction.*

The plaintiff brought a suit in equity to prevent the removal of the beach be-
tween high and low water-mark, alleging that such removal would ex-
pose his land, a part of which had been redeemed from the sea, to being
overflowed and washed away.  The circuit court, upon the trial, found,
as matter of fact, a want of equity upon the merits, and ordered that
the bill be dismissed.  *Held,* that the bill was properly dismissed.

From Rockingham Circuit Court.

In Equity.  This case was referred, and it appeared from the report
of the referee, that at the time of the alleged trespass the plaintiff was
in possession of the *locus in quo* claiming title ; it being a field, a part
of which had been redeemed from the sea, and bounded on the east by
the Atlantic ocean.  The alleged trespass consisted in digging up be-
tween high and low water-mark, the sand and beach, and hauling the
same away, for the purpose of repairing the highways of Newcastle.
For this alleged trespass the plaintiff caused the defendants to be ar-
rested.

As soon as the defendants had given bail, the next day the defend-
ants again dug up, and were about to haul away from the same place
the sand and beach, and they were then ordered by the plaintiff to de-
sist ; the defendants said they would not ; that they were indemnified
by the town, who had the right to the gravel ; that next week they
would put on two horses and haul about three weeks, and where and
when they pleased.  That the bill was brought to prevent the removal
of the beach between high and low-water mark, because it exposed his
land, a part of which was redeemed from the sea, to being overflowed
and washed away.  The plaintiff introduced evidence tending to
show that the removal of said beach, as threatened by the defendants,
would expose his said land to be overflowed and washed away.

The referee reported that no irreparable injury was likely to happen
to the plaintiff's meadow-land by any of the reasons assigned in the
bill, and he also reported that " from all the evidence in the case, as
well as from a view of the premises, the removal of the sand by the de-
fendants would not have exposed said land to any overflow of tides, to
which it was not before subject."

At the January term, 1876, the cause was tried by the court, being
submitted upon the bill, answer, referee's report, and briefs furnished
by both parties.  The court found, as matter of fact, a want of equity
upon the merits, and ordered that the bill be dismissed.  To this find-
ing and order the plaintiff excepted ; and the cause was transferred
for the opinion and order of the superior court by Foster, C. J., C. C.

Either party may refer to the report of the referee, or to any paper submitted to the referee, or lay the same before the court.

*W. H. Y. Hackett*, for the plaintiff, cited *Clement* v. *Barnes*, 43 N. H. 609, *Nudd* v. *Hobbs*, 17 N. H. 524, 2 Story's Eq. Jur., secs. 917, 918, and 927–929, *Perley* v. *Langley*, 7 N. H. 236.

*Hatch*, for the defendants, cited *Bean* v. *Coleman*, 44 N. H. 539.

SMITH, J. The findings of the referee and of the circuit court, upon the subject of the threatened injury, are conclusive. This court has no jurisdiction to revise their findings on questions of fact. The referee has reported that no irreparable injury is likely to happen to the plaintiff's meadow-land by any of the reasons assigned in the bill ; also, that the removal of the sand by the defendants would not expose the plaintiff's land to any overflow of tides to which it was not before subject.

The circuit court has also found, as matter of fact, a want of equity upon the merits of the bill. What ground, then, has the plaintiff for invoking the aid of a court of equity ? Clearly none. The plaintiff claims that the town, even if it owned the *locus in quo*, would have no right to do, or threaten, such acts thereon as would expose the plaintiff's land to be overflowed and washed away. But it is an answer to this position that the case does not find that the defendants have done, or threaten to do, any such thing. On the contrary, it finds the reverse to be true, as matter of fact.

There is another reason why this bill cannot be maintained. So far as appears, the plaintiff's title to the *locus in quo* rests on possession merely. The defendants claim that the town of Newcastle has a right to take sand and gravel from the premises for the purpose of repairing the highways of the town. Before, therefore, the plaintiff can have a decree to restrain the defendants, he must establish his right in a suit at law. A suit in equity will not lie for relief against a trespass to lands, or for an injunction to restrain a continuance of it, unless it be in aid of a suit at law, when the plaintiff's title is disputed and has not been established at law, and no irreparable injury appears. *Burnham* v. *Kempton*, 44 N. H. 78. The order dismissing the bill was therefore correct.

CUSHING, C. J. I am not quite sure that I understand the question raised in this case. I infer, however, that the referee's report furnished the only evidence before the court, and that the court held that on that evidence there was no equity, that is, no case for the exercise of the equity power of the court of chancery.

The allegations in the bill, as I infer, were, that the removal of the sand would cause the plaintiff's land to be overflowed by the water of the ocean, and that irreparable injury would be done.

These allegations were negatived by the report; and I think the court below rightly held that there was no equity, and that the bill must be dismissed.

LADD, J., concurred.

*Exceptions overruled.*